```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEROME WASHINGTON,

                Plaintiff,
                                           MEMORANDUM AND ORDER
        -against-                          17-CV-7575(JS)(SIL)

MICHAEL SPOSATO, LT. KRUGER,

                Defendants.
----------------------------------X
JEROME WASHINGTON,

                Plaintiff,

        -against-                          18-CV-0191(JS)(SIL)

MICHAEL SPOSATO, LT. KRUGER,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    Jerome Washington, pro se
                  18A0985
                  Downstate Correctional Facility
                  121 Red Schoolhouse Road
                  PO Box F
                  Fishkill, New York 12524

For Defendants:   No appearances.
```

SEYBERT, District Judge:

On December 29, 2017, incarcerated pro se plaintiff Jerome Washington ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Michael Sposato ("Sposato") and Lt. Kruger ("Kruger" and together, "Defendants"), together with an application to proceed in forma pauperis. (See 17-CV-7575 Docket Entries 1-2.) On January 10, 2018, Plaintiff filed another

Complaint against Defendants together with an application to proceed in forma pauperis. (See 18-CV-0191 Docket Entries 1-2.)

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED. Plaintiff's Complaints are CONSOLIDATED into the first-filed Complaint, 17-CV-7575, and the Complaint assigned docket number 18-CV-0191 shall be CLOSED. No further docket entries shall be made in docket 18-CV-0191. However, for the reasons that follow, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

## THE COMPLAINTS[1]

Plaintiff's Complaints are submitted on the Court's Section 1983 Complaint form and are brief. The Complaints are virtually identical and, in their entirety, the Statements of Claim

---

[1] All material allegations in the Complaints are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaints are reproduced here exactly as they appear in the originals. Errors in spelling, punctuation, and grammar have not been corrected or noted.

allege that, while at the Nassau County Correctional Center, during the period September 8th and December 5th of an unspecified year:

> Andrew Cuomo said we allowed four hours out of our cells but we are not getting that. And it was happen on solitary confinement and I sent a copy out of the paper and grievance was accepted.

(17-CV-7575 Compl. ¶ II.)[2] In the space on the form complaints that calls for a description of any injuries suffered and what medical treatment, if any was required and/or provided, Plaintiff alleges, "No". (Compls. ¶ II.A.) For relief, Plaintiff seeks an award of "a million dollars or whatever the judge or jury award me" in each Complaint. (Compls. ¶ III.)

DISCUSSION

I. In Forma Pauperis Applications

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

---

[2] The Complaints are identical except that Plaintiff alleges that "he sent the Sheriff a copy of the paper" in the Complaint assigned docket number 18-CV-0191. (See 18-CV-0191 ¶ II (emphasis added).)

II. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal quotation marks and citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d

Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff are against the same Defendants and are largely identical. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's Complaints be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 17-CV-7575. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaint assigned docket number 18-CV-0191 CLOSED. Any future filings are to be docketed in only 17-CV-7575.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se

5

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

6

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d

7

235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaints do not include any factual allegations sufficient to demonstrate personal involvement by either Defendant regarding the events alleged. In fact, apart from the captions, Lt. Kruger is not again mentioned in the body of either Complaint and Sheriff Sposato is referenced only in the Complaint assigned docket number 18-CV-0191 and only that Plaintiff sent "a copy of the paper" to him. (See generally, Compls., and Compl. in 18-CV-0191 at ¶ II.) Thus, it appears that Plaintiff seeks to impose liability against Sheriff Sposato solely based on the supervisory position he holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement by Defendants in the unlawful conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)

(b)(ii); 1915A(b).

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  In an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against Defendants.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 17-CV-7575(JS)(SIL), and shall be filed within thirty (30) days from the date of this M&O.  Plaintiff is cautioned that an Amended Complaint **completely replaces** the original.  Therefore Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED.  The Complaints are CONSOLIDATED into the first-filed action, 17-CV-7575(JS)(SIL), and the Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaint assigned

docket number 18-CV-0191 CLOSED.  Any future filings are to be docketed in only 17-CV-7575.

The Complaints are <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against Defendants.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 17-CV-7575(JS)(SIL), and shall be filed within thirty (30) days from the date of this M&O.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

Dated: July __3__, 2018            /s/ JOANNA SEYBERT_____
      Central Islip, New York       JOANNA SEYBERT, U.S.D.J.

10